UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MAURICE EDWARD HUGHLEY, )
)
Plaintiff, )
) 3:25-CV-384-KAC-DCP
v. )
)
MARTIN HOOPER, et al.; )
)
Defendants. )

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

Before the Court is United States Magistrate Judge Debra C. Poplin's May 26 "Order and Report and Recommendation" ("Report") [Doc. 22]. On August 7, 2025, Plaintiff Maurice Edward Hughley, who is proceeding pro se, filed an initial complaint against Defendants Martin Hooper, Tanya Tate, Charles Hyman, and KCDC/The Liberty Place ("KCDC") [*See* Doc. 1]. Thereafter, he made additional filings, which the Court liberally construes together with the initial complaint as Plaintiff's intended allegations [*See* Docs. 7, 8, 10, 11, 12, 13, 14, 20]. *See Tolliver v. Noble*, 752 F. App'x 254, 266-68 (6th Cir. 2018); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court refers to these filings collectively as the "Complaint."

Liberally construed, the Complaint arguably alleges that Defendants Hooper, Tate, Hyman and KCDC violated 42 U.S.C. § 1983, the Rehabilitation Act of 1973, state tort law, the Civil Rights Act of 1964, the Americans with Disabilities Act, the Tennessee Uniform Resident and Landlord Act, and the United States and Tennessee constitutions [*See* Doc. 1 at 3, 8, 10, 11, 16]. In addition, "Defendants" and a state court judge allegedly violated Plaintiff's due process rights in connection with eviction proceedings in state court [*See* Docs. 7, 8]. Defendant KCDC's unnamed "legal representative" is added as a Defendant and "Defendant's inflicted acts of

negligence" [*See* Doc. 10 at 1-3]. Plaintiff asks the Court to "declare Tenessee [sic] Detainer Warrant Statute . . . Unconstitutional," [*see* Doc. 11], "Convene [a] Three Judge Constitution Panel to Declare Act of Tennessee Legislative [sic] UNCONSTITUTIONAL," [*see* Doc. 12], and transfer a case "from state court to federal district court," [*see* Doc. 13]. He also asks the Court to remove a state court case to this Court because the state court has allegedly violated his due process rights [*See* Doc. 14 at 1-7]. The Complaint alleges that "Southside Flat Corporation," "John Depree," "Steve Rutherford," and an individual named "Chris" illegally evicted Plaintiff, stole his property, and attempted to kill him [*See id.* at 13-19]. And the Complaint asks the Court to enjoin a state court proceeding while alleging that Plaintiff was unlawfully detained in connection with some state court proceedings [*See* Doc. 20 at 1-8].

On April 8, 2026, Judge Poplin issued an Order screening the Complaint under 28 U.S.C. § 1915 [Doc. 21]. That Order thoroughly identified multiple deficiencies [*See id.* at 5-9]. But rather than recommending dismissal, the Court gave Plaintiff a chance to amend his filings [*See id.* at 9-10]. The Court ordered Plaintiff to file an amended complaint by May 8 [*See id.* at 9-10]. Plaintiff failed to do so.

Thereafter, the Court issued the Report [Doc. 22]. The Report gave Plaintiff permission to proceed in forma pauperis [*See* Doc. 22 at 2]. But the Report recommends that the Court dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B) because the claims are not well-pleaded under Federal Rule of Civil Procedure 8(a) and do not survive screening under the Prison Litigation Reform Act [*See* Doc. 22 at 2-3, 6-8]. Plaintiff has not objected to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Having reviewed the entirety of the record and liberally construing the Complaint in context, the Court accepts and adopts the Report. In addition, to the extent that the Complaint

2

could be liberally construed to indicate that Plaintiff intended to raise a claim against Defendant KCDC's "Manager Lanita Puckett," [*see* Doc. 1 at 9, 15], that claim would fail too.  The Complaint alleges that "Defendant Puckett Demanded I [Plaintiff] be Evicted by virtue of Incident on March 25, 2025," and this purportedly "highly prejudice[d] this case" [*Id.* at 15].  But this is not enough to state a "claim showing that the pleader is entitled to relief" from Puckett.  *See* Fed. R. Civ. P. 8(a)(2).  And the factual allegations in the Complaint do not "state a claim for relief that is plausible on its face" as to Puckett.  *See FedEx Ground Package Sys., Inc. v. Route Consultant, Inc.*, 97 F.4th 444, 452 (6th Cir. 2024) (quotation omitted).

With this modification, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 22] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  The Court **DISMISSES** this action.  An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

3